# IN THE SUPERIOR COURT OF GUAM

ANTHONY LUJAN dba BIG BEN & Co., )
                            )
                       **Plaintiff,** )
  vs.                            )
                            )
Guam Police Department, Government of Guam )
                     **Defendant.** )
                            )

**CIVIL CASE NO. CV# 27-09**

**DECISION**
**(Motion to Dismiss)**
**(Government Claims Act)**

This matter came on regularly for hearing on April 1, 2009, before the Honorable Judge ELIZABETH BARRETT-ANDERSON, on the Government's Motion to Dismiss. Plaintiff was present and represented by Attorney Thomas J. Fisher. The Government was represented by Assistant Attorney General Benjamin A. Abrams. The Court took argument and testimony from Plaintiff. The Court ruled from the bench to GRANT to motion in part, and DENY the motion in other parts.

The Government contends the Court has no subject matter jurisdiction over the claim blased on 5 Guam Code Ann. §6106(b) which states:

> "(b) Every action filed under this Chapter shall be barred unless commenced within 18 months from the time the notice that the claim was rejected was served as provided in Article 2 of this Chapter, or within 24 months after the Claim was filed in cases where the government does not reject the claim."

Plaintiff filed his first government claim on September 28, 2005, for the sum of $111,600.00 on a claim that arose September 26, 2005. The Attorney General's Office did not officially reject said claim, and pursuant to statute the claim period expired six months thereafter, or March 28, 2006. Pursuant to §6101(b) Plaintiff had 24 months within which to commenced his law suit against the government. He did not. Plaintiff testified that on reliance on certain claims of the Governor he "withdrew" his claim. No evidence was presented that the claim was actually withdrawn. It appears that Plaintiff simply ignored the claim and allowed it to statutorily

expire. The burden is on the Plaintiff to prove that the government should be estopped from claiming the benefits of its statutory protections under the Government of Guam Claim Act. Plaintiff has failed to do so.

Plaintiff filed a second government claim on June 24, 2008 for the sum of $426,288.00. The Court finds that this complaint is timely filed. The Government's motion to dismiss is denied to the extent that the amounts claimed in the June 2008 government claim do not represent amounts previously claimed in the September 2005 claim, which are now deemed time barred.

## CONCLUSION

The Court finds that pursuant to Rule 12(b)(1) it lacks subject matter jurisdiction as to alleged damages on amounts claimed in Plaintiffs first government claim filed September 26, 2005, and as to those amounts the Government's motion is **GRANTED.**

The Court further finds that it does have subject matter jurisdiction for alleged damages on amounts claimed due for periods subsequent to September 26, 2005 [date claim arose], and as to those amounts the Government's motion is **DENIED.**

SO ORDERED: _____

_____
**HON. ELIZABETH BARRETT-ANDERSON**

Page 2 of 2

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

APR 01 7000

Carl P. Perez
Deputy Clerk, Superior Court of Guam